IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Derrick Jerome Davis, | Civil Action No. 6:18-3428-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Donna Miller, Southern Health Partners, Chad Cox, T. Montgomery, Greenwood County Detention Center, and Saluda County Detention Center, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 13) recommending that Defendants Greenwood County Detention Center ("GCDC") and Saluda County Detention Center ("SCDC") be dismissed with prejudice. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Defendants GCDC and SCDC with prejudice and without issuance and service of process.

## I. Background

Plaintiff is a pretrial detainee proceeding *pro se* to bring claims for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his medical needs were ignored by Defendant Nurse Donna Miller, her employer Southern Health Partners, and officers Cox and Montgomery. Plaintiff also names GCDC and SCDC as Defendants.

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants GCDC and SCDC should be dismissed from the action. To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a right secured by the federal constitution or laws was violated by a "person" acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that only a "person" may act under the color of state law. *See, e.g., Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001) (noting that the "medical department of a prison may not be sued, because it is not a person within the meaning of § 1983"). Defendants GCDC and SCDC, by contrast, are buildings. *See Nelson v. Lexington Cty. Det. Ctr.*, No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center is not amenable to a § 1983 suit). Defendants GCDC and SCDC are, therefore, subject to dismissal from this action.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 13). Defendants Greenwood County Detention Center and Saluda County Detention Center are **DISMISSED WITH PREJUDICE** and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 12, 2019
Charleston, South Carolina