IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Derrick Jerome Davis, | ) | Civil Action No. 6:18-cv-3428-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Donna Miller, Southern Health Partners, Chad Cox, and T. Montgomery, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 57) recommending the Court grant Defendants' motions for summary judgment (Dkt. Nos. 34, 46) and deny Plaintiff's motion for summary judgment. (Dkt. No. 51.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to grant Defendants' motions for summary judgment and deny Plaintiff's motion for summary judgment.

I.  **Background**

Plaintiff is a *pro se* pre-trial detainee housed at the Greenwood County Detention Center ("GCDC"). (Dkt. No. 1 at 1, 6.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Defendants Chad Cox ("Lt. Cox") and T. Montgomery ("Lt. Montgomery) (collectively "the officer defendants") and Donna Miler and Southern Health Partners ("SHP") (collectively "the medical defendants"). Plaintiff generally alleges deliberate indifference, deliberate indifference to a serious medical need, and liability on the basis of *respondent superior*. He alleges that he experienced sickness after eating his meals. He suspected a GCDC kitchen worker named "Quetta" was tampering with his food. (Dkt. No. 1 at 9–10.) Plaintiff alleges he alerted Lt. Montgomery and

1

other officers of the food tampering suspicions, but no action was taken. (*Id.* at 7.) He alleges that on October 3, 2018, another inmate worker "trustee" gave Plaintiff a note with a warning that Quetta spit in his food and not to eat it. (*Id.* at 10.) Plaintiff alleges that on October 14, 2018, he stopped eating out of fear and ten days later he was so weak that he was taken to the medical unit where he met with the nurse and Lt. Cox. (*Id.* at 11.) He was taken to the emergency room where he received medication. (*Id.*) When he returned to GCDC, he was informed Quetta was no longer there and he gave a statement to Lt. Cox about the food-tampering concerns. (*Id.*) On October 26, 2018, Plaintiff was transferred to the Saluda County Detention Center ("Saluda") for safe keeping. (*Id.*) He returned to GCDC on October 30th, 2018 and was placed in a cell where he alleges he had no access to water cups or tissue for three to four days and no shower access for twelve days. (*Id.* at 12.) Plaintiff alleges that Quetta returned to GCDC and tomatoes began appearing in his meals. (*Id.*) Plaintiff has a tomato allergy. Plaintiff received medication for depression and anxiety and claims he only eats food from the canteen. (*Id.* at 12.).

The medical defendants filed a motion for summary judgment on April 8, 2019. (Dkt. No. 34.) The officer defendants filed a motion for summary judgment on June 27, 2019. (Dkt. No. 46.) Plaintiff filed a response in opposition to each of the Defendants' motions. (Dkt. Nos. 40, 50). The Defendants filed replies. (Dkt. Nos. 42, 52.) On August 1, 2019, Plaintiff filed a motion for summary judgment. (Dkt. No. 51.) Both Defendants filed a response in opposition to Plaintiff's motion. (Dkt. Nos. 54, 55.)

## II. **Legal Standard**

### A. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

### B. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III. Discussion

After a thorough review of the R & R and the parties' arguments, the Court finds the Magistrate Judge comprehensively addressed the issues and correctly concluded that Defendants' motions for summary judgment should be granted. Plaintiff's first claim is against the medical defendants for deliberate indifference to a serious medical need.

In order for liability to attach for an alleged Eighth Amendment violation, two elements must be met. First, the inmate must "establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or a substantial risk thereof. *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014). Second, the Plaintiff must show that the prison official that allegedly violated Plaintiff's rights had a "sufficiently culpable state of mind." *Id.* at 346. In this context, the required state of mind is a "deliberate indifference to inmate health or

4

safety." *Id.* at 347. This inquiry requires "evidence suggesting that the prison official had actual knowledge of an excessive risk to Plaintiff's safety. *Id.* In addition, the Defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* v. *Brennan*, 511 at U.S. 825, 837 (1970). Private actors who provide medical services to a publicly-run prison or jail are usually considered state actors amenable to suit under Section 1983. *See generally West v. Atkins*, 487 U.S. 42 (1988). A Plaintiff seeking relief under Section 1983 against a private corporation must show that an official policy or custom caused the alleged deprivation of federal rights. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1998).

Plaintiff does not present any policy or custom that the medical defendants followed that caused Plaintiff's purported injuries. The record includes documents that demonstrate the medical defendants offered Plaintiff treatment each time they were advised he was having a medical issue. (Dkt. No. 34-2.) The medical records include Plaintiff's GCDC intake on July 10, 2018 where his medical allergies and medical condition were noted (*Id.* at 10–16); Plaintiff's exam and treatment for nausea on August 28–28 (*Id.* at 25–28); encounters with GCDC medical staff for suicidal risk behavior including failing to eat (*Id.* at 28–29, 32); Plaintiff's transportation to the emergency room on October 24 and treatment notes with negative findings of food poisoning (*Id.* at 33–60); Plaintiff's food tampering concerns at Saluda and a period in safekeeping from October 27 –30 (*Id.* at 6–8.); GCDC's monitoring of Plaintiff on suicide watch from October 30– November 11 (*Id.* at 77–105); Plaintiff's approval to take anti-depressants and his resumption of eating meals without incident. (*Id.* at 31.) The record reflects Plaintiff was treated for an injury when he fell in July 2018 and for a toothache in January 2019. (*Id.* at 17–25, 67–69.) The record reflects the GCDC medical staff provided medical care and treatment for Plaintiff. In addition, Plaintiff has not

presented any evidence the medical defendants deliberately withheld appropriate care which caused Plaintiff's injuries. As such, the Plaintiff's claim for deliberate indifference to a serious medical need is dismissed.

Plaintiff also asserts a claim for *respondeat superior* against SHP. *Respondeat superior* liability is generally inapplicable in Section 1983 cases. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Yet, a Plaintiff may proceed on a supervisory liability theory if the Plaintiff can show: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). The Plaintiff fails to demonstrate the required elements for any Section 1983 liability against SHP on a supervisory liability theory. Thus, the claims against SHP are dismissed.

The Magistrate Judge correctly concluded that Plaintiff's claims against the officer defendants regarding deliberate indifference should be dismissed. The standard for determining whether detention center officials have violated a pretrial detainee's right to due process is deliberate indifference. To establish a deliberate indifference claim an inmate must establish: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Plaintiff alleges that the officer defendants failed to prevent food-tampering and ignored his resulting medical needs. (Dkt. No. 1 at 7, 9–10.) Plaintiff argues he spoke to Lt. Cox around August 17 or August 18, 2018, and Lt. Cox informed Plaintiff he needed to speak with a lawyer. (Dkt. No. 51 at 2.) Plaintiff states he notified Lt. Montgomery

6

of the food tampering on August 20 but it took [Lt. Cox and Lt. Montgomery] about a month to act upon it after Plaintiff had stopped eating his food. (Dkt. No. 1 1–2.)

The record reflects that Lt. Montgomery had been checking Plaintiff's meal trays before Plaintiff was served food. (Dkt. No. 46-2 at 4.) In addition, Major Smith interviewed Quetta, the accused kitchen worker, who denied the tampering allegations. In addition, Quetta was placed on leave during the investigation. (*Id.*) (Dkt. No. 46-3 at ¶ 7–8.) Major Smith also interviewed all of the kitchen trustees, who denied any knowledge of the warning note Plaintiff alleges he received. (*Id.* at 12–15.) The trustees denied seeing Quetta tamper with Plaintiff's food. (*Id.*) Major Smith completed his investigation without a finding Plaintiff was the victim of food tampering. (*Id.* at 1–16.) The record reflects that Major Smith and the officer Defendants took the food tampering allegations seriously and conducted an appropriate investigation.

In addition, Plaintiff alleges his medical needs were evident and the officer defendants were deliberately indifferent. The record reflects that Plaintiff received medical care throughout the reports of food-tampering and neither of the officer defendants were responsible for his medical care. (Dkt. No. 32-4.) Plaintiff alleges that an officer sent him to the medical unit on October 24, 2018 where he met with a nurse and Lt. Cox before he was transported to the emergency room. (Dkt. No. 1. at 11.) Yet, Plaintiff fails to demonstrate that either Defendant was aware of his weakened state or that he was not eating. There is nothing to support Plaintiff's allegations the officers were deliberately indifferent to him or his medical needs. As such, Plaintiff's conditions of confinement claim is dismissed.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 57) as the order of the Court and **DISMISSES** Plaintiff's complaint. (Dkt. No. 1.)

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 18, 2019
Charleston, South Carolina